**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5117**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VANESSA MAY GIVENS,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry F. Floyd, District Judge. (CR-05-55)

---

Submitted: August 25, 2006        Decided: September 14, 2006

---

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Margaret A. Chamberlain, CHAMBERLAIN LAW FIRM, Greenville, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Isaac Louis Johnson, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Vanessa Givens of conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846 (2000); possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2000); and use and carry of a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2006). Givens appeals her convictions, challenging certain evidentiary rulings by the district court. We affirm.

Givens asserts that the district court erred by ruling that she could not cross-examine two witnesses about the length of the sentences they received. We review a district court's decision to limit cross-examination of a government witness for an abuse of discretion. See United States v. Smith, 451 F.3d 209, 220 (4th Cir. 2006) (stating standard of review), petition for cert. filed, __ U.S.L.W. __ (U.S. June 26, 2006) (No. 06-5036). Although the district court limited Givens' cross-examination as to the specific penalties the witnesses received, the court allowed questioning sufficient to demonstrate the witnesses' potential bias. See United States v. Cropp, 127 F.3d 354, 358-59 (4th Cir. 1997) (finding no abuse of discretion in district court's limitation of

cross-examination about specific penalties where court permitted questioning about whether witness had signed plea agreements, faced severe penalties absent cooperation, and expected to receive reduced sentence after testifying).  We therefore find that the district court did not abuse its discretion in limiting cross-examination.  See Smith, 451 F.3d at 220-21.

Givens also contends that the district court erred by excluding a defense witness.  Our review of the trial testimony convinces us that the district court did not abuse its discretion in excluding the witness.  See United States v. Leeson, 453 F.3d 631, 636 (4th Cir. 2006) (defining relevant evidence); United States v. Smith, 441 F.3d 254, 263 (4th Cir. 2006) (stating standard of review), petition for cert. filed, __ U.S.L.W. __, (U.S. July 25, 2006) (No. 06-5859).

Accordingly, we affirm Givens' convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED